IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**PHILLIP JAMES CHILLEMI,**<br><br>    **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:03-CR-991-DAK**<br><br>**Judge Dale A. Kimball** |

    This matter is before the court on Defendant's Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A), requesting that the court release him from custody or order home confinement due to Covid-19, his underlying health conditions, his mother's health issues, and his good conduct during his incarceration. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons. *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). In this case, Defendant exhausted his administrative remedies with the Bureau of Prisons and filed his own *pro se* motion [ECF No. 42]. Pursuant to General Order 20-019, the court appointed a Federal Public Defender to represent Defendant in the matter and his FPD filed an Amended Motion for Compassionate Release [ECF No. 45]. The United States filed an opposition to Defendant's supplemental motion, and the United States Probation Office filed a recommendation with the court opposing the motion.

    Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it

finds that extraordinary and compelling reasons warrant such a reduction.  As the movant, Defendant bears the burden of establishing that he is eligible for the requested sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

On February 8, 2006, this court sentenced Defendant to 120 months imprisonment and 36 months of supervised released for three bank robberies in violation of 18 U.S.C. § 2113(a).  This court's sentence was to run consecutive to the sentence imposed in an Arizona case, Case No. 03-cr-917, in which Defendant was sentenced to 240 months imprisonment. Therefore, at this time, Defendant has served 17 years and has thirteen years remaining on his combined sentences.

Defendant's counsel admits that Defendant has not yet begun to serve the term imposed in this case and states that he is filing a separate motion in the District of Arizona seeking a reduction of that sentence. In essence, Defendant asks this court to reduce his entire sentence in this case.  While the First Step Act allows the court to consider a reduction in sentence in exceptional situations, the court does not believe it was intended to be used to completely negate a defendant's entire sentence.  Moreover, until such time as the Arizona court rules on Defendant's motion to reduce the underlying sentence he is currently serving, Defendant's request with this court is essentially moot.  The court appreciates the fact that Defendant has underlying health conditions that make him more vulnerable to the effects of Covid-19.  But FCI Phoenix has had a low number of cases throughout the pandemic and only has three active cases as of the date of this Order.  Therefore, the court concludes that Defendant has not demonstrated extraordinary and compelling reasons for a reduction of his entire sentence from this court.

## CONCLUSION

Based on the foregoing reasoning, Defendant's Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 42] and Amended Motion for Compassionate Release [ECF No. 45] are DENIED.

Dated this 16th day of September, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge