IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**PHILLIP JAMES CHILLEMI,**<br><br>　　　　　　　　　**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:03-CR-991-DAK**<br><br>**Judge Dale A. Kimball** |

　　　　This matter is before the court on Defendant's Renewed Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A), requesting that the court release him from custody due to the risks of Covid-19 and his underlying health conditions, caring for his aging mother with health issues, and the § 3553(a) factors that weigh in his favor.  The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons.  *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). In this case, Defendant exhausted his administrative remedies with the Bureau of Prisons and filed his own *pro se* motion [ECF No. 60].  The United States filed an opposition to Defendant's motion, and the United States Probation Office filed a recommendation with the court to deny the motion.

　　　　Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.  As the movant, Defendant bears the burden of establishing that he is eligible for the requested sentence

reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

On February 8, 2006, this court sentenced Defendant to 120 months imprisonment and 36 months of supervised released for three bank robberies in violation of 18 U.S.C. § 2113(a). This court's sentence was to run consecutive to the sentence imposed in an Arizona case, Case No. 03-cr-917, in which Defendant was sentenced to 240 months imprisonment. Defendant has served just over 19 years of his sentences, and his projected release date is May 12, 2030. The court previously denied a compassionate release motion from Defendant on September 16, 2020, because Defendant had not begun to serve his sentence imposed by this court and Defendant had not demonstrated that his risk of having a severe case of Covid-19 met the extraordinary and compelling standard. The court also denied Defendant's second compassionate release motion on February 24, 2022, because he failed to establish the extraordinary and compelling standard required for compassionate release.

Again, the court finds that Defendant has not met his burden of demonstrating the exceptional circumstances required for compassionate release under the First Step Act. Defendant has existing health conditions, but he is receiving the medical care he requires. Defendant contracted and recovered from Covid-19 before he was vaccinated. Now that he is vaccinated, he has a lower risk of severe illness. Moreover, the current Covid-19 strains are less severe, and BOP continues to take measures to protect inmates. The court does not believe Covid-19 presently presents an extraordinary and compelling reason for reducing Defendant's sentence.

Defendant also asks for compassionate release to care for his ailing mother. However, Defendant's mother is receiving full-time care at a care facility. She requires 24-hour nursing

care and is a two-person transfer with a mechanical lift. Defendant has not demonstrated that he has the training or ability to better care for her. The court does not believe that his request to care for his mother presents extraordinary circumstances for compassionate release.

Therefore, the court concludes that Defendant has not demonstrated extraordinary and compelling reasons for a reduction of sentence.

## CONCLUSION

Based on the foregoing reasoning, Defendant's Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 60] is DENIED.

Dated this 28th day of November 2023.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge